IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| **KARENZA JAMES,** | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | PLAINTIFF'S |
| | ) | COMPLAINT |
| v. | ) | FOR INJUNCTIVE |
| | ) | RELIEF, DAMAGES, AND |
| **REFOCUS BEHAVIOR, LLC,** | ) | JURY TRIAL FOR |
| | ) | VIOLATIONS OF THE |
| Defendant. | ) | UNIFORMED SERVICES |
| | ) | EMPLOYMENT AND |
| | ) | REEMPLOYMENT |
| | ) | RIGHTS ACT ("USERRA") |
| | ) | |
| | ) | EXEMPT FROM FILING |
| | ) | FEES UNDER 38 U.S.C. § |
| | ) | 4323(h)(1) |

## PLAINTIFF'S ORIGINAL COMPLAINT

Now comes Plaintiff Karenza James, by and through counsel, and for her Complaint against Defendant Refocus Behavior, LLC (hereinafter "Defendant") states and alleges as follows:

## PRELIMINARY STATEMENT

1. This civil action is brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), 38 U.S.C. § 4301, et seq., and is exempt from filing fees under 38 U.S.C. § 4323(h)(1).

2. Plaintiff asserts that the Defendant has violated USERRA, by failing to properly reemploy her following a period of service in the uniformed services as

required by 38 U.S.C. § 4312(a) and by discriminating against her on the basis of her military service and retaliating against her for engaging in protected activity.

3. Pursuant to USERRA, 38 U.S.C. § 4311(a), "[a] person who is a member of, … performs, has performed … service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, … performance of service … or obligation."

## THE PARTIES

4. At all times relevant, Plaintiff James was a citizen of the United States and a resident of Liberty County, Georgia.

5. At all times relevant herein, Plaintiff was an employee within the meaning of USERRA.

6. Defendant Refocus Behavior, LLC is a domestic limited liability company licensed to do business in Georgia and may be served by delivering a copy of this Complaint to Defendant's Registered Agent for Service of Process Jamie Redding, 740 E General Stewart Way, 103, Hinesville, GA.

7. At all times relevant herein, Defendant was a private employer operating within the State of Georgia for the purposes of 38 U.S.C. § 4303(4).

8. Defendant is subject to USERRA.

## JURISDICTION AND VENUE

9. The Federal Court for the Southern District of Georgia has personal jurisdiction over the parties because they have sufficient contacts with this District.

10. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because the claims in this complaint arise out of USERRA, which confers subject matter jurisdiction on this Court pursuant to 38 U.S.C. § 4323(b)(3).

11. Venue is proper in the Federal Court for the Southern District of Georgia, Division of Savanah, under 38 U.S.C. § 4323(c) and 28 U.S.C. § 1391(b) because the acts and omissions in this complaint occurred in this District.

12. All statutory conditions precedent to the institution of this lawsuit have been fulfilled in accordance with 38 U.S.C. § 4323(a).

## FACTS

13. Plaintiff was employed by Defendant in the position of E-Learning Facilitator from August 31, 2020 until she was terminated on October 9, 2020, immediately following the performance of USERRA protected service on October 7, 2020 and October 8, 2020.

14. Plaintiff was a member of the Georgia Army National Guard with honorable service. Plaintiff served with distinction and honor as a 92Y, Unit Supply Specialist with the rank of E-4, Specialist for the Georgia Army National Guard for almost five (5) years at the time of termination and received both exceptional performance reviews as well as numerous awards, including the Army

Reserve Components Achievement Medal; the Georgia State Active-Duty Ribbon; and the Georgia Commendation Medal from the Governor.

15. Plaintiff engaged in protected activity by exercising rights provided by USERRA. While duty periods for members of the National Guard have traditionally been held on weekends, legal protection under USERRA is not limited to weekends. A drill period can be conducted on any day of the week, and Plaintiff had the right to be absent from her civilian job with Defendant.

16. Plaintiff gave Defendant notice of pending service on or before October 6, 2020 that Plaintiff would be on orders on Wednesday October 7, 2020 and Thursday October 8, 2020.

17. Plaintiff provided Defendant satisfactory documentation upon her return. However, Plaintiff was terminated the following day when she returned from the protected leave on Friday October 9, 2020.

18. Defendant terminated Plaintiff because of her service in the uniformed services. "Service in the Uniformed Services" means the performance of duty on a voluntary or involuntary basis in a uniformed service. 38 U.S.C. § 4303(13).

19. Employment discrimination because of past, current, or future military obligations is prohibited. Section 4311(a).

20. Plaintiff is protected from discrimination and retaliation because of her military service or obligation.

21. Plaintiff was earning approximately $576.50 weekly.

22. Defendant states in the Separation Notice that Plaintiff was terminated for "poor attendance – missed 10 of 29 workdays, and poor job performance".

23. Any and all of Plaintiff's absences were either approved by Defendant or protected under the law.

24. Plaintiff's past, present, or future connection with the service was a motivating factor in Defendant's decision to terminate Plaintiff.

25. Plaintiff's job performance was excellent.

26. At all times relevant hereto, Defendant had a duty to conduct itself in compliance with the law, including USERRA and ensure its managers and agents followed the Act.

27. The above-referenced actions by Defendant, and its agents, breached those duties.

28. Plaintiff suffered economic injury, as well as other harms and losses as a result of Defendant's actions, which are the direct and proximate cause of Plaintiff's damages.

29. As a result of Defendant's unlawful conduct in violation of USERRA, Plaintiff has suffered a loss of earnings and other benefits of employment in an amount to be proved at trial.

30. Defendant's failure to follow USERRA was willful and in reckless disregard for the law and in violation of USERRA. 38 U.S.C. § 4323(d)(1)(C).

## CAUSES OF ACTION

31. Defendant violated Plaintiff's rights as guaranteed by USERRA, including, but not limited to: (1) failing to retain her employment following a period of service in the uniformed services; (2) by unlawfully discriminating against her because of her service and retaliating against her for engaging in protected activity; and (3) doing the above willfully and in violation of USERRA.

32. Plaintiff was injured by Defendant's actions.

## COUNT I - Violation of 38 U.S.C. § 4312

33. Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

34. Pursuant to USERRA, 38 U.S.C. § 4311(a), "[a] person who is a member of, … performs, has performed … service in a uniformed service shall not be denied…retention in employment…by an employer on the basis of that membership, … performance of service … or obligation."

35. Defendant has violated USERRA, by failing to properly retain her employment following a period of service in the uniformed services.

36. Plaintiff's past, present, or future connection with the service was a motivating factor in Defendant's decision to terminate Plaintiff.

## COUNT II - Violation of 38 U.S.C. § 4311

37. Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

38. Defendant unlawfully discriminated against Plaintiff by, among other things, denying Plaintiff employment and benefits of employment on the basis of her membership, service, or obligation to perform service in the uniformed service.

39. Defendant unlawfully retaliated against Plaintiff by, among other things, denying Plaintiff employment and benefits of employment on the basis of her exercising her right to leave provided for in USERRA.

## COUNT III - willful violations – 38 U.S.C. § 4323

40. Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

41. Plaintiff is entitled to liquidated damages under USERRA because Defendant's conduct was willful as defined by 38 U.S.C. § 4323(d), 20 C.F.R. § 1002.312(c), where Defendant knew, or showed reckless disregard for whether its conduct was prohibited under USERRA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully demands a jury trial and further to be awarded compensation for all injury and damage suffered. To wit:

A. Enter judgment awarding Plaintiff for both economic and non-economic damages; all back pay, front pay, lost benefits of employment, and negative tax consequences of any award; an equal amount of liquidated damages;

pre-judgment interest; and costs, expert witness fees, and reasonable attorneys' fees, and all other remedies allowed under the USERRA; and

      B.  Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 9th day of July, 2021.

**CHARLES HERMAN LAW**

/s/ Charles Herman
Charles Herman
Georgia Bar No. 142852
*Attorney for Plaintiff*

7 East Congress Street, Suite 611A
Savannah, Georgia 31401
(912) 244-3999
(912) 257-7301 Facsimile
charles@charleshermanlaw.com